IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

REV. COLUMBA NNOROM, Ph. D.,
    Plaintiff,

v.                                                Civil Action No. 3:20-cv-322

VIRGINIA UNION UNIVERSITY,
    Defendant.

## OPINION

Rev. Columba Nnorom sued his former employer, Virginia Union University ("VUU"), alleging discrimination based on race, color, national origin, and religion. Nnorom asserts a retaliation claim under Title VII of the Civil Rights Act of 1964. VUU moved to dismiss Nnorom's complaint for failure to state a claim. For the reasons set forth below, the Court will grant the motion to dismiss.

### I. FACTS ALLEGED IN THE COMPLAINT

Nnorom, an ordained minister and black immigrant from Nigeria, began working at VUU as an adjunct professor in 1999. In February 2018, the only white student in Nnorom's Comparative Politics class complained about his teaching to the then-Dean of the School of Humanities and Social Sciences, Dr. Michael Orok. Following the complaint, Orok questioned Nnorom's academic and intellectual abilities, called him an "uncivilized Nigerian," instructed him not to retaliate against students, and falsely told his students that Nnorom used a racial slur. In violation of school policy, Orok removed Nnorom from teaching.

Because of this incident, VUU declined to renew Nnorom's contract when it expired in May 2018. As a result, Nnorom filed a complaint with the U.S. Equal Employment Opportunity

Commission ("EEOC"). Nnorom received his right-to-sue letter from the EEOC on May 1, 2019. But he failed to timely sue before the 90-day window closed on July 30, 2019.

Nnorom claims that VUU banned him from campus in retaliation for filing his EEOC complaint. He cites an August 6, 2019 email from VUU's attorney to his attorney for support. The email, however, reads: "Dr. Nnorom has not been 'banned' from teaching at VUU. As an adjunct professor, he taught at the pleasure of the President, and he had no right to any sort of continued engagement. VUU chose not to invite Dr. Nnorom back to teach following the spring 2018 semester, and that decision remains unchanged."[1] (Dk. No. 14, Ex. D.)

On August 23, 2019, Nnorom filed a second EEOC complaint, alleging that VUU banned him from campus as retaliation for filing his initial charge on July 4, 2018.[2] He received a right-to-sue letter from the EEOC based on the August 2019 complaint on September 11, 2019. He sued VUU on December 10, 2019 under two theories: discrimination and retaliation. On May 4, 2019, VUU filed a motion to dismiss for failure to state a claim, arguing that the Title VII statute of

---

[1]The Court may consider a document not attached to the complaint when deciding whether to dismiss an action if the document "was integral to and explicitly relied on in the complaint" and if "the plaintiff[] [does] not challenge its authenticity." *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, 2015 WL 1242763, at *14 n.6 (D. Md. Mar. 17, 2015) (citing *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)). The plaintiff bases his retaliation claim on the August 6 email and does not dispute its authenticity. Thus, the Court may consider it when deciding the instant motion.

[2]The Court may examine the plaintiff's EEOC documents because his charges are integral to and explicitly relied on in the complaint. *See Phillips*, 190 F.3d at 618; *Smith v. Noftle*, No. 1:13-cv-708, 2015 WL 3675740, at *3 n.4 (M.D.N.C. June 12, 2015) (finding that the EEOC charge attached to the defendants' pleading was "integral to and explicitly relied upon in the complaint, as Plaintiff would have been unable to file a civil action without first filing such a charge with the EEOC"); *Lake v. Capital One Bank, N.A.*, No. 1:11-cv-1342, 2012 WL 12973539, at *1 n.2 (E.D. Va. June 28, 2012) (taking judicial notice of an EEOC charge and right-to-sue letter attached to the defendant's motion to dismiss).

limitations barred the discrimination suit. Finally, on May 26, 2020, Nnorom filed an amended complaint, alleging only a retaliation claim.

## II. DISCUSSION[3]

To state a retaliation claim, a plaintiff must plead facts showing "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Md. Ct. of Apps.*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Apps. of Md.*, 566 U.S. 30 (2012). VUU argues that Nnorom fails to plead facts showing that he suffered an adverse employment action or a causal link between the protected activity and an employment action.[4]

### *A. Adverse Employment Action*

Adverse employment actions may involve "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion." *Boone v. Goldin*, 178 F. 3d 253, 255 (4th Cir. 1999). To qualify as an adverse employment action, "an employer's conduct must be 'so materially adverse as to dissuade a reasonable employee from

---

[3]VUU moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[4]VUU also asserts a statute of limitations defense. The Court does not address that argument, however, because Nnorom fails to allege a prima facie retaliation claim.

engaging in protected activity.'" *Michael v. Va. Commonwealth Univ.*, No. 3:18-cv-125-JAG, 2018 WL 3631888, at *3 (E.D. Va. July 31, 2018) (quoting *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 831 (E.D. Va. 2016)).

Here, Nnorom argues that VUU took an adverse employment action against him when they banned him from campus. But the email upon which he bases this claim reveals that VUU did no such thing. Indeed, VUU made clear that it did *not* ban Nnorom from campus. Instead, VUU merely confirmed its intent to abide by its May 2018 decision not to renew Nnorom's contract.

The Court recognizes that VUU's decision not to renew Nnorom's contract constitutes an adverse employment action against him. That adverse employment action prompted Nnorom to file a complaint with the EEOC. On May 1, 2019, he received a right-to-sue letter based on that complaint. But Nnorom failed to sue VUU before that right-to-sue window closed on July 30, 2019. Thus, the statute of limitations on Title VII actions bars any claim based on VUU's May 2018 decision not to renew his contract. Nnorom cannot reopen that window by contacting VUU and asking it to rehire him. If he could, then he could extend the statute of limitations indefinitely.

The documents properly before the Court directly contradict Nnorom's claim that VUU banned him from campus. He conjured up this allegation to circumvent the statute of limitations barring him from suing VUU for not renewing his contract. The law does not allow this. The Court finds Nnorom fails to allege that VUU took adverse employment action against him.

### B. Causation

Because he failed to allege that VUU took an adverse employment action against him, Nnorom necessarily fails to allege facts to satisfy the causation element of a retaliation claim. Accordingly, the Court will grant VUU's motion to dismiss.

4

## III. CONCLUSION

Nnorom has not and *cannot* allege that VUU took an adverse employment action against him after it did not renew his contract in May 2018. Moreover, the statute of limitations bars a Title VII suit based on that decision. Thus, granting Nnorom leave to further amend his complaint would prove futile. Accordingly, the Court will dismiss the complaint with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 23 September 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge